IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


EDUARDO RIVERO-PROENZA,

                        Petitioner,

        v.                                      CASE NO. 04-3407-RDR

ATTORNEY GENERAL, et al.,

                        Respondents.


O R D E R

This matter is before the court on respondents' motion to dismiss this habeas corpus petition filed pursuant to 28 U.S.C. 2241.

Petitioner, a Cuban national, was detained at the United States Penitentiary, Leavenworth, Kansas, at the time he commenced this action.  He was released from confinement on March 4, 2005, and he has not provided the court with a current address.  Respondents assert this matter is now moot.

Pursuant to 28 U.S.C. 2241(c)(1), habeas corpus "shall not extend to a prisoner unless he is in custody."  Petitioner commenced this action while in custody, and that provision was met.  Riley v. INS, 310 F.3d 1253, 1256 (10th Cir. 2002). Because petitioner has since been released, however, he must demonstrate that collateral consequences of his detention exist

and present "some concrete and continuing injury."  Spencer v.
Kemna, 523 U.S. 1, 7 (1998).

The United States Court of Appeals for the Tenth Circuit has
dismissed an appeal from the denial of an application for habeas
corpus on the ground of mootness.  Suarez-Tejeda v. United
States, 85 Fed. Appx. 711, 2994 WL 68758 (10th Cir. 2004).[1]  Like
petitioner, Suarez-Tejeda arrived in the United States during the
Mariel boatlift of 1980, in which approximately 120,000
undocumented Cubans reached the United States.

Following his service of a criminal sentence imposed for
convictions after his arrival, Suarez-Tejeda was detained in INS
custody in a federal correctional facility.  His request for
habeas corpus relief was denied, and he was released on parole
during the pendency of his appeal.

In that action, the Tenth Circuit determined that the appeal
was moot based the petitioner's release from detention, the
absence of any evidence that his immigration parole would be
revoked or that such revocation would be so brief as to deny him
the opportunity to seek review, and the absence of any evidence
that he was released to avoid review.  Suarez-Tejeda, 2004 WL
68758, **4-5.

After considering that decision, this court concludes the
same analysis applies in the present case.  First, not only has

---

[1]A copy of this unpublished decision is attached.

the petitioner in this action been released, he has made no contact with the court since his release and has not contested respondents' motion to dismiss.  Next, there is no basis to conclude that related future confinement will occur or would be too brief to allow petitioner to pursue legal remedies.  See S. Utah Wilderness Alliance v. Smith, 110 F.3d 724, 729 (10th Cir. 1997)(discussing exception to mootness principles where circumstances create a case "capable of repetition, yet evading review.")  Finally, there is no evidence of bad faith by the government in petitioner's release.  See ARW Exploration Corp. v. Aguirre, 947 F.2d 450, 452 (10th Cir. 1991)(discussing exception to mootness where party interrupts allegedly illegal activity to render a legal proceeding moot).  The court agrees this matter is moot due to petitioner's release and grants respondents' motion to dismiss.

IT IS THEREFORE ORDERED respondents' motion to dismiss (Doc. 21) is granted.  This matter is dismissed and all relief is denied.

Copies of this order shall be transmitted to the parties.

**IT IS SO ORDERED.**

DATED:  This 7th day of June, 2005, at Topeka, Kansas.

S/ Richard D. Rogers
RICHARD D. ROGERS

3

United States District Judge